Matter of the Application of NATIONAL STONEMEAL COMPANY for a Writ of Mandamus against CHARLES S. WILSON, Commissioner of Agriculture of the State of New York.

(Supreme Court, New York Special Term, April, 1917.)

Mandamus — peremptory writ of — when motion for, denied — Agricultural Law, § 222.

Where the certificate filed by the manufacturer of a product known as "stonemeal" to be sold as a fertilizer, on his application to the commissioner of agriculture, under section 222 of the Agricultural Law for a license to do business in this state, shows that said product contains no nitrogen, no available phosphoric acid, no acid treated phosphate and no water soluble potash, but gives the analysis of the product showing that it is made up entirely of inorganic material, a motion for a peremptory writ of mandamus to compel the issuance of the license will be denied.

MOTION for a peremptory writ of mandamus.

Brown & Brown, for petitioner.

Egburt E. Woodbury, Attorney-General (Charles M. Stern, Deputy Attorney-General, of counsel), for Charles S. Wilson, Commissioner of Agriculture.

RUDD, J. Under an order to show cause granted upon the petition of the National Stonemeal Company the motion is made for a peremptory writ of mandamus requiring Charles S. Wilson, as commissioner of agriculture of the state of New York, to issue to the petitioner a license under section 222 of the

Agricultural Law, permitting the petitioner to sell within the state of New York during the year 1917 a product known as " Stonemeal," as a material to be used as a fertilizer.

Section 222 of the Agricultural Law provides in substance that before any manufacturer shall sell in this state any commercial fertilizer or material to be used as a fertilizer the selling price of which exceeds five dollars per ton, the said manufacturer shall file prior to January first of each calendar year with the commissioner of agriculture a certified copy of the statement prescribed in section 220 of the Agricultural Law.

The petitioner alleges that such statement as required by section 220 of the Agricultural Law was filed.

The statement required by the law provides that the manufacturer shall among other things certify as to the composition of the article proposed to be sold as a fertilizer.

(4) The minimum per centum of each of the following constituents which may be contained therein:

(a) Nitrogen.

(b) Available phosphoric acid, except that in cases of undissolved bone, basic slag phosphate, wood ashes, untreated phosphate rock, garbage tankage and pulverized natural manures, the minimum per centum of total phosphoric acid may be substituted therefor.

(c) Potash soluble in distilled water.

The section makes further requirements to which reference is not made for the reason that consideration thereof is not necessary to the understanding of the question here involved

The petitioner filed a certified statement, which shows that the article, for the sale of which the petitioner asks a license from the agricultural department

of the state, contains no nitrogen, no available phosphoric acid, no acid treated phosphate, and no water soluble potash.

Included in the statement filed by the petitioner is a statement of the analysis of the product. From this analysis it appears, according to the statement of the petitioner, that the article proposed to be sold as a fertilizer is made up entirely of inorganic material.

Section 222 of the Agricultural Law provides that " Each manufacturer  *  *  *  or person who has complied with the provisions of this article  *  *  * shall be entitled to receive a certificate from the commissioner of agriculture '' to that effect.

The attitude of the commissioner of agriculture is that the petitioner here is not entitled to a license to sell its product for the reason that the certificate filed by the petitioner shows that the article contains no nitrogen, no available phosphoric acid, no acid treated phosphate and no water soluble potash.

The provision of the Agricultural Law requiring the statement to be certified showing the minimum per cent of the constituent parts mentioned is evidently clearly for the purpose of showing to the commissioner of agriculture, who has the responsibility for the issuance of the license to sell, that such constituent parts are contained in the article to be sold as a fertilizer, at least to the minimum per cent certified by the manufacturer or seller.

That requirement of certification, as to the minimum per cent of the constituent parts, means something, and the certifying that the article to be sold as a fertilizer contains no per cent of either or any of the articles is a justification to the commissioner of agriculture in reaching the determination in his mind that the article proposed to be sold is not a fertilizer recognized by the law.

The purpose of the law is to protect the buyer, whose desire is to secure a fertilizer, as against the purchase by him of something that is not a fertilizer.

The petitioner here contends that such a question may be a question of fact not to be determined upon this motion which seeks a peremptory writ of mandamus.

It might be a question of fact as between differing authorities as to what constitutes a fertilizer; but in view of the statute which calls upon the petitioner to show the minimum per cent of certain specific constituent parts would convey, at least to the minds of some, that there was significance in the requirement.

The petitioner contends that by the filing of a statement to the effect that its product contains no per centum of any of the articles mentioned, and because it has filed such statement, therefore it has complied with the statute, and by reason thereof it is entitled to a license from the commissioner of agriculture.

The court is asked to grant a peremptory writ of mandamus compelling the issuance by the commissioner of agriculture of a license based upon that form of a certificate.

If this was done it would mean that there was no force or effect in the provisions of the Agricultural Law which requires a certificate giving certain specific information, upon which, with other information thus furnished, is or should be based the granting of the license by the commissioner of agriculture.

It does not seem to this court that the commissioner of agriculture would be justified in ignoring what seems to be a plain provision of the statute, which calls upon the applicant for a license to furnish certain information.

If the applicant does not furnish the information

Supreme Court, April, 1917. [Vol. 99.

upon which the commissioner should base the granting of the license, this court, by a peremptory writ of mandamus, should not compel the commissioner to issue a license. The motion is denied, with costs.

Motion denied, with costs.