In the Matter of the Application of NATIONAL STONEMEAL COMPANY, Appellant, for a Writ of Mandamus against CHARLES S. WILSON, Commissioner of Agriculture of the State of New York, Respondent.

Third Department, December 28, 1917.

Agricultural Law — application of manufacturer of fertilizer for certificate under Agricultural Law, section 222 — mandamus — moving papers not showing right to certificate — when alternative writ may be granted.

A manufacturer of a fertilizer known as " stonemeal " is not entitled to a writ of mandamus requiring the Commissioner of Agriculture to issue a certificate under section 222 of the Agricultural Law, where the moving papers are absolutely silent upon the question as. to whether or not the material will enrich the soil, and the opposing affidavits tend strongly to show that it is not an efficient factor in the production of crops.

However, if the record had disclosed a question of fact as to the fertilizing value of the material, the manufacturer thereof would have been entitled to an alternative writ of mandamus to have that fact determined.

APPEAL by the petitioner, National Stonemeal Company, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 4th day of May, 1917, denying its application for a peremptory writ of mandamus.

The appellant manufactures an article to be used as a fertilizer known as " stonemeal." It claims to have complied with the requirements of sections 220 and 222 of the Agricultural Law and has demanded of the Commissioner of Agriculture the certificate provided by section 222. (See

Consol. Laws, chap. 1 [Laws of 1909, chap. 9], §§ 220, 222, as amd. by Laws of 1910, chap. 435, and Laws of 1915, chap. 72. Since amd. by Laws of 1917, chap. 342.) The Commissioner refuses the certificate because in his opinion " stonemeal " does not possess the qualities to make it a " fertilizer " and cannot in any just or proper sense be characterized as such. The appellant asks for a peremptory writ of mandamus requiring the Commissioner to issue such certificate.

*Brown & Brown* [*Oscar J. Brown* of counsel], for the appellant.

*Merton E. Lewis, Attorney-General* [*Charles M. Stern, Deputy Attorney-General*, of counsel], for the respondent.

COCHRANE, J.:

The application was properly denied because there is nothing in the moving papers indicating that " stonemeal " possesses any fertilizing value. The statute makes no attempt to define or describe a " fertilizer." Undoubtedly it is not the duty of the Commissioner to discriminate between different materials to be used as fertilizers, or to withhold his certificate because in his opinion a material offered for sale as a fertilizer is not as good as some others which may be upon the market. If an article possesses any substantial fertilizing value, the manufacturer or seller thereof on complying with the statute is entitled to receive from the Commissioner his certificate " setting forth said facts." But it is clear that in some way the material in question should enrich the soil or aid in the production of crops. The moving papers are absolutely silent on this point. The chemical constituents of " stonemeal " are stated but to the mind of an ordinary person not possessing the requisite technical and scientific knowledge this statement means nothing as to the merits of the material as a fertilizing agency in assisting in the growth or production of a crop or in making the soil more rich or productive. The opposing affidavits on the other hand tend strongly to show that " stonemeal " is not an efficient factor in the production of crops. Unless it has some value as a productive agency the statement required by the statute and which has been filed with the Commissioner of Agriculture is

deceptive and misleading and the Commissioner is clearly not justified in giving official recognition to a deception. If the record disclosed a question of fact as to the fertilizing value of " stonemeal " the appellant would be entitled to an alternative writ of mandamus to have that fact determined. As heretofore stated the record discloses no such question.

The order should be affirmed, with costs.

All concurred, except KELLOGG, P. J., voting for dismissal of appeal in memorandum.

KELLOGG, P. J. (for dismissal of the appeal):

If the Special Term rightly construes the statute (See 99 Misc. Rep. 664), the relator's product is not within the statutory contemplation and, therefore, may be sold without license. The statute relates to the sale or offering for sale of " any commercial fertilizer, or any material to be used as a fertilizer." The statute was made to protect the public against inferior or worthless fertilizers, and required only that the component parts of the product be made clear to the public and the public authorities. It caused the purchaser to be informed of just what the product was, and left him to buy it or not as he might choose.

The Commissioner had no discretion. Section 222 of the Agricultural Law provides that when the fee is paid the applicants " shall be entitled to receive a certificate from the Commissioner of Agriculture setting forth said facts." The only requirement was that an application should be made which should truly state the component parts of the product as directed. The duty of the Commissioner was to see that the petition was in form and complied with the statutory requirement, and that the fee was paid, and thereupon he must issue the certificate.

If this is not the correct interpretation of the statute, then the absolutely worthless article has a decided advantage over one which has real merit. In my judgment it was immaterial whether the product was in fact a fertilizer or not; if it was to be sold " to be used as a fertilizer " without regard to its qualities, the certificate was necessary. I think, therefore, that at the time of the hearing the relator was entitled to the certificate.

Section 222 was amended by chapter 342 of the Laws of 1917 by adding to it the provision: " but no such certificate shall be issued for the sale of a brand of commercial fertilizer or material to be used as a fertilizer under a brand or trade name, or with any information or statement accompanying same, which is misleading or deceptive or tends to mislead or deceive as to its quality or the constituents or materials of which it is composed."

The answering affidavits indicate that the appellant's article was without merit as a fertilizer and, therefore, selling it with the information or statement that it was a fertilizer, or to be used as a fertilizer, was misleading and tended to deceive and, upon the facts shown, a certificate cannot now issue. The amendment, in itself, is not retroactive. The only relief sought by the appellant is a reversal of the order and a determination that the certificate issue; but under the amendment such a certificate cannot now issue in this case. Therefore, the question whether the Commissioner rightly or wrongly decided the application is purely academic, and the appeal should be dismissed.

Order affirmed, with costs.